DECISION
Plaintiff has requested that the court cancel a penalty imposed by Defendant under ORS 305.228 following a dishonored electronic funds transfer request intended as payment of certain taxes that Plaintiff owed Defendant for the third quarter 2007. The matter was heard by the court February 29, 2008. Plaintiff was represented by Sarah Child Rodgers (Rodgers). Defendant was represented by Bea Farthing (Farthing).
 I. STATEMENT OF FACTS
On Thursday, September 20, 2007, Rodgers made a request to KeyBank on behalf of Plaintiff for the electronic transfer of funds in the amount of $4,500 between Plaintiff's general fund account and its payroll account. (Ptf's Compl at 3.) According to the testimony, Rodgers then attempted to schedule a tax payment to be made to Defendant on Monday, September 24, 2007, using an electronic funds transfer (EFT) request processed through the federal Automated Clearing House (ACH) network in the amount of $1,426.16. According to Rogers, KeyBank failed to transfer the funds (the $4,500) between Thursday and Monday and, as a result, there were insufficient funds in that account on Monday, September 24, 2007, to cover the payment to Defendant. Because there were insufficient funds in the account, KeyBank denied the payment *Page 2 
to Defendant, leaving the tax unpaid. As a result, Defendant imposed a NSF penalty of $500 as provided in ORS 305.228(2).[1]
According to Farthing, Plaintiff has had three similar incidents since May 2006. Prior to the September 2007 event, payment was denied for insufficient funds in May 2006, December 2006, and May 2007. Rodgers acknowledged the May 2007 episode, but was unaware of the earlier occurrences. Rodgers insists that KeyBank is to blame for the problem and that the company's attempts to rectify the matter and avoid similar problems in the future have been unsuccessful. Furthermore, Rodgers stated that Plaintiff has had the same problem with the federal government and that they allow the company to simply resubmit the payment without the imposition of penalties. Rodgers asserts that the penalty is excessive and unfair given the amount of tax that was due, and the fact that the problem was caused by the bank.
Defendant issued a Notice of NSF Check Penalty (NSF notice) to Plaintiff dated October 24, 2007. Plaintiff subsequently paid the $1,426.16 tax on January 10, 2008. Rodgers testified that payment was not made earlier because Plaintiff only reconciles its taxes quarterly, and that Plaintiff made the payment after the error surfaced in January. Rodgers indicated that Plaintiff makes weekly tax payments to Defendant, and that its account status fluctuates between over and underpayments, matters rectified by the quarterly accounting. Farthing testified that Defendant sent two payment demand letters to Plaintiff after the October 24, 2007, NSF notice, and that an employee named Sarah telephoned Defendant on Plaintiff's behalf on December 3, 2007. *Page 3 
 II. ANALYSIS
ORS 305.228 provides in relevant part as follows:
 "(1) The Department of Revenue shall assess a penalty against any person who has previously tendered a dishonored check, draft, order or electronic funds transfer for the payment of any amount collected by the department and who subsequently makes and tenders to the department any * * * electronic funds transfer for the payment of any tax * * * that is dishonored by the drawee for the following reasons:
 "(a) Lack of funds[.]"
 "* * * *
 "(2) The amount of the penalty assessed under subsection (1) of this section shall be equal to the greater of $25 or three times the amount of the dishonored check, draft, order or electronic funds transfer. The amount of the penalty shall not be greater than $500." (Emphasis added.)
The department has promulgated an administrative rule that requires a penalty on a dishonored check if there is the tender of at least two dishonored payments within two years. See OAR 150-305.228(2).[2]
Plaintiff failed to make timely payment of its taxes in September 2007. That was the fourth such episode in less than two years. Accordingly, Defendant imposed a $500 NSF penalty.
ORS 305.228(3) provides that "[a]ny person against whom a penalty is assessed under this section may appeal to the tax court as provided in ORS 305.404 to 305.560." Plaintiff timely appealed as provided under the referenced statutes. However, the court's authority under ORS 305.228 is limited to the question of whether Defendant correctly imposed the penalty. The information before the court supports the imposition of the $500 penalty; on four occasions in less *Page 4 
than two years Plaintiff has failed to make a timely payment to Defendant by reason of a dishonored check or electronic funds transfer request.
Defendant has administrative authority under the statute and corresponding rule to "waive all or any part of the penalty * * * on a showing that there was a reasonable basis for tendering the check." ORS305.228(4). The rule defines "reasonable basis" to mean "circumstances beyond the taxpayer's reasonable ability to control," and lists as an example a bank error in returning a check to the payee. OAR 150-305.228(5). That provision would presumably include improperly handled EFT requests. The court has no similar authority to adjust the penalty, nor does it offer an opinion as to whether Defendant should grant relief should under OAR 150-305.228(5).
 III. CONCLUSION
Plaintiff's request for cancellation of the $500 NSF fee is denied because Plaintiff's September 2007 tender of payment was the fourth attempted payment dishonored for lack of funds within the previous two year period, and ORS 305.228 provides for the $500 penalty where two such payments are dishonored within a two-year period. Moreover, the court has no discretionary authority to waive the fee. Now, therefore,
 IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied. *Page 5 
Dated this _____ day of March 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on March 6, 2008.The Court filed and entered this document on March 6, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] OAR 150-305.228(2) provides in relevant part:
 "This penalty will be imposed on a dishonored check if a prior dishonored has been tendered by any individual, firm, corporation, company, association, copartnership, estate, trust, trustee, receiver syndicate or any group or combination acting as a unit to the Department of Revenue within the immediately preceding two years." *Page 1